UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
**Docket No. 1:22-cv-611-WO-JLW**

| | |
|---|---|
| COMMON CAUSE, ELIZABETH MARION SMITH, SETH EFFRON, JAMES M. HORTON, TYLER C. DAYE, and SABRA J. FAIRES, <br><br>Plaintiffs, <br><br>v. <br><br>TIMOTHY K. MOORE, Speaker, North Carolina House of Representatives; PHILIP E. BERGER, President Pro Tempore, North Carolina Senate; and ROY A. COOPER, III, Governor of North Carolina, <br><br>*(all in their official capacity only)* <br><br>Defendants. | **PLAINTIFFS' UNOPPOSED MOTION TO STAY** |

NOW COME Plaintiffs, by and through their undersigned counsel, and hereby move this Court to stay this litigation until the final determination of *Roy A. Cooper, III v. Philip E. Berger, et al.*, 23CVS029308-910 (Wake County) ("*Cooper v. Berger*"). In support of this motion, Plaintiffs show the Court as follows:

1. On August 2, 2022, Plaintiffs filed their original Complaint in the United States District Court for the Middle District of North Carolina.

2. On September 20, 2022, Plaintiffs filed their First Amended Complaint as of right.

3. On February 10, 2023, Plaintiffs filed a Second Amended Complaint adding North Carolina Governor Roy A. Cooper, III as a defendant in his official capacity only.

4. This action seeks to declare unconstitutional certain provisions of N.C. Gen. Stat. § 163-19 that limit qualification for appointment to the State Board of Elections to voters registered as Republicans or Democrats, excluding all unaffiliated voters.

5. During the pendency of this action, the General Assembly passed Senate Bill 749 (hereinafter "Sess. L. 2023-139") and overrode the Governor's veto. The law would make significant changes to N.C. Gen. Stat § 163-19, including removing the Governor's authority to appoint the five members to the State Board of Elections. Consequently, Governor Cooper filed suit in Wake County Superior Court, alleging the law is unconstitutional. *See Cooper v. Berger*.

6. On November 30, 2023, a three-judge panel of the Wake County Superior Court enjoined implementation of Parts II, IV, and VIII of Sess. L. 2023-139. *See Cooper v. Berger.*

7. Plaintiffs aver that the final determination of *Cooper v. Berger, et al.* will likely have an impact over issues in this action.

8. To avoid wasting judicial resources, Plaintiffs request a stay of this matter until final determination of *Cooper v. Berger, et al.* and upon their request that the stay may be lifted.

9. Defendants do not oppose Plaintiffs' request and do not intend to file a response.

WHEREFORE, Plaintiffs respectfully move this Court for an Order staying all further proceedings in this matter until the final determination of *Cooper v. Berger, et al.* upon joint consent of the parties.

Respectfully submitted this 12th day of January 2024.

By: /s/ Edwin M. Speas, Jr.
    Edwin M. Speas, Jr.
    N.C. State Bar No. 4112
    espeas@poynerspruill.com
    Caroline P. Mackie
    N.C. State Bar No. 41512
    cmackie@poynerspruill.com
    POYNER SPRUILL LLP
    P.O. Box 1801
    Raleigh, North Carolina 27602
    Telephone: (919) 783-6400
    Facsimile: (919) 783-1075

By: /s/ Michael Crowell
    Michael Crowell
    N.C. State Bar No. 1029
    lawyercrowell@gmail.com
    1011 Brace Lane
    Chapel Hill, North Carolina 27516
    Telephone: (919) 812-1073

***Counsel for Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send electronic notification to all counsel of record.

**POYNER SPRUILL LLP**
By: /s/ Edwin M. Speas, Jr.
Edwin M. Speas, Jr.
